IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| GREAT RIVER ENTERTAINMENT, LLC, | ) |
| | ) |
| Plaintiff, | ) No. 21-cv-35 |
| | ) |
| v. | ) DEFENDANT'S NOTICE OF REMOVAL |
| | ) |
| ZURICH AMERICAN INSURANCE COMPANY, OR ZURICH, | ) |
| | ) |
| Defendant. | ) |

Defendant Zurich American Insurance Company ("ZAIC"), improperly sued as Zurich American Insurance Company or Zurich, states the following in support of its Notice of Removal of this Action from the Iowa District Court in and for Des Moines County (Case No. LALA005487) to the United District Court for the Southern District of Iowa, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446:

1. <u>Removal is timely, as ZAIC was served 3/18/21</u>.  Plaintiff Great River Entertainment, LLC ("Great River") filed its Petition at Law and Jury Demand ("Petition") in State Court on March 10, 2021.  (*See* Exhibit 1 (Great River's Petition, Case No. LALA005487) to ZAIC's Local Rule 81(a) Statement ("LR 81(a) St.", filed contemporaneously herewith)).  On March 18, 2021, Great River served its Petition on ZAIC via the Iowa Department of Insurance[1] (LR 81(a) St., Exhibit 3), thus commencing ZAIC's time to remove this Action to this Court. *E.g.*, 28 U.S.C. §§ 1446(b) (removal to be filed within 30 days after service of initial pleading) and 1446(b)(2)(B) (same); *see also Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

---

[1] Great River also served ZAIC's registered agent (CSC) via certified mail on March 19, 2021.

344, 347-48 (1999) (holding 30 day time to remove runs from "simultaneous service of the summons and complaint" or "receipt of the complaint . . . *after and apart* from service of the summons, but *not by mere receipt of the complaint unattended by any formal service*.") (emphasis added).

2. <u>Removal is Proper</u>.  This Action is appropriately removed to this Court, as this Court has original jurisdiction under 28 U.S.C. § 1332.  28 U.S.C. §§ 1441(a) and 1446(a).  ZAIC and Great River are citizens of different states and the amount in controversy exceeds $75,000.

3. <u>Complete Diversity of Citizenship under Sections 1332(a) and 1441(b)(2)</u>.  On information and belief, Great River is a citizen of Iowa.  (*See* LR 81(a) St., Exhibit 1, Petition, p. 1, ¶ 2.)  For purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of each of its members.  *See, e.g.*, *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  ZAIC and its counsel have conducted a good faith investigation to determine the identity and citizenship of Great River's members by obtaining public records regarding Great River.  Great River's members and their respective citizenship are as follows:

- Larry Bentler – a resident and citizen of Houghton, IA;
- Gary Brotherson – a resident and citizen of Burlington, IA;
- Butch Deblieck – a resident and citizen of Burlington, IA;
- Bradford Deery, a resident and citizen of Burlington, IA;
- Michael "Mike" Hoffman – a resident and citizen of Burlington, IA;
- Doyle Hoyer – a resident and citizen Ft. Madison, IA;

- Gary Lee Hoyer – a resident and citizen of Ft. Madison, IA;

- James "Jim" Olson – a resident and citizen of Burlington, IA;

- James Glenn Rheinschmidt – a resident and citizen of Ft. Madison, IA;

- John Schuldt – a resident and citizen of Burlington, IA; and

- Randy Winegard – a resident and citizen of Burlington, IA.

(*See* LR 81(a) St., Exhibit 4, Wessel Decl., pp. 1-2, ¶¶ 4, 6.)

4. The Petition asserts claims against "Zurich American Insurance Company, *or Zurich*" – "Zurich" is not a legal entity nor a proper party. ZAIC issued the insurance policy at issue as alleged in Great River's Petition. Defendant ZAIC is a New York corporation with its principal place of business in Schaumburg, Illinois. (*See* LR 81(a) St., Exhibit 1, p. 1, ¶ 5; Exhibit 4, Wessel Decl., p. 2, ¶ 5.) For purposes of diversity jurisdiction, a corporation's citizenship is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1) (a corporation's citizenship is determined by its state of incorporation and the state where the corporation's principal place of business is located); *GMAC Commercial Credit LLC,* 357 F.3d 827, 828 (8th Cir. 2004) (same).

5. The Amount in Controversy Jurisdictional Limit is Satisfied. Great River's Petition does not plead a specific amount of its alleged damages, but Great River submitted a claim to ZAIC representing it had suffered an extensive loss of revenue exceeding $10 million as a result of restrictions imposed by governmental authority. (*See* LR 81(a) St., Exhibit 1, pp. 10-12; Exhibit 5, Klesta Decl., pp. 1, ¶ 3.) While Great River does not plead a specific amount of the alleged damages for ZAIC's supposed denial of coverage or breach of contract, but on January 26, 2021, Great River (via Gary Hoyer, its CEO & President) sent a

3

claim to ZAIC for a loss of $10 million dollars. (*See* LR 81(a) St., Exhibit 5, Klesta Decl., pp. 1, ¶ 3 and its Exhibit A, 1/26/21 G. Hoyer Email, p. 3, "Please provide detail of what is being claim for this loss. *There has been extensive loss of revenue that started on March 17, 2020 and continues as a result of restrictions imposed by governmental authority which exceeds $10 million*") (emphasis added); *e.g.*, *Lapree v. Prudential Fin.*, 385 F. Supp. 2d 839, 848-50 (S.D. Iowa 2005) (holding demand letter provided necessary affirmative proof that the jurisdictional amount for removal was satisfied, citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter is relevant evidence of the amount in controversy) and *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000) (demand letter constituted "other papers" within the meaning of the removal statute, satisfying jurisdictional amount). Based on Great River's own allegations that it is claiming a loss of over $10 million under the Policy, the amount in controversy jurisdictional limit of $75,000 is satisfied. *Id.*

      6.     Great River's claims arise out of business interruption and revenue losses due to its property's (a casino hotel resort) closure as a result of the COVID-19 virus, which Great River alleges are covered claims pursuant to ZAIC's Edge Policy No. ERP 0273025, effective 12/31/2019-12/31/2020 (the "Policy"[2]). (*See* LR 81(a) St., Exhibit 1, pp. 2, 9-10, ¶¶ 12, 60-77.) Great River seeks declaratory relief, alleging its claims damages are covered under the "Time Element" provided by the Policy. (*See* LR 81(a) St., Exhibit 1, pp. 9-10, ¶¶ 60-66.) Great River also alleges actual injury, contending ZAIC's denial of coverage breached the Policy, resulting in Great River sustaining "significant damages for which [ZAIC] is liable." (*Id.* at pp. 11-12, ¶¶ 67-77.) For the alleged breach of contract, Great River seeks damages, including

---

[2] The Policy is attached as Exhibit A to Plaintiff's Petition (Exhibit 1).

damages for business interruption, loss of revenue and expenses, and attorneys' fees and costs, from ZAIC. (*Id*. at p. 12.) ZAIC has denied Great River coverage under the Policy and applicable law, and intends to file a motion to dismiss Great River's Petition.

7. This Court is the District Court of the United States for the District and Division within which this Action is currently pending (Des Moines County, Iowa District Court). 28 U.S.C. §§ 95(b)(2), 1441(a) and 1446(a).

8. Exhibits 1-5 to ZAIC's LR 81(a) Statement, filed contemporaneously herewith, constitute all the process, pleadings and orders filed in the State Court proceeding to date. Written notice of the filing of this Notice of Removal has been given to all Parties who have appeared in this Action and a copy of this Notice of Removal shall be filed with the Clerk of Court of Iowa District Court in and for Des Moines County.

9. By removing this case to this Court, ZAIC reserves all rights and defenses, including but not limited to seeking dismissal and all other available grounds for procedural or substantive motions.

WHEREFORE, Defendant ZAIC requests that this Action, now pending in the Iowa District Court in and for Des Moines County, be removed to the United States District Court for the Southern District of Iowa, Eastern Division, and for such further relief as this Court deems just.

Dated:  April 16, 2021                    /s/ *Todd C. Jacobs*
                                          TODD C. JACOBS (#AT0013227)
                                             Direct Dial: (319) 861-8706
                                             Email: tjacobs@bradleyriley.com
                                          RYAN S. FISHER (#AT0012673)
                                             Direct Dial: (319) 861-8770
                                             Email: rfisher@bradleyriley.com
                                             of
                                          BRADLEY & RILEY PC
                                          2007 First Avenue SE
                                          P.O. Box 2804
                                          Cedar Rapids, IA  52406-2804
                                          Phone: (319) 363-0101
                                          Fax:    (319) 363-9824

                                          Attorneys for the Defendant,
                                          Zurich American Insurance Company

Copy to:

James W. Carney
Nicholas J. Mauro
Carney & Appleby, P.L.C.
303 Locust Street, Suite 400
Des Moines, IA 50309-1770

Attorneys for Plaintiff,
Great River Entertainment, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by electronic mail this **16TH**  day of **APRIL**, 2021.  I declare under penalty of perjury that the foregoing is true and correct.

                         */s/ Ashley Wessels*